# PHILLIPS, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN†
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pmhdelaw.com

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
†MARYLAND BAR

April 23, 2024

**VIA CM/ECF**                                              **REDACTED - PUBLIC VERSION**

The Honorable William C. Bryson
United States Court of Appeals
Howard T. Markey National
Courts Building
717 Madison Place, N.W.
Washington, DC 20439-0000

      Re:    *Alcon Inc., et al. v. Padagis Israel Pharmaceuticals Ltd., et al.*, C.A. No. 22-1422-WCB

Dear Judge Bryson,

Padagis writes to briefly address several issues raised in the Plaintiffs' April 19, 2024 letter (D.I. 128) to the Court. First, Plaintiffs notably do not dispute that they never raised a ▮▮▮▮▮ theory of infringement in their contentions, and instead raised that theory of infringement for the first time in their experts' reports. Relatedly, Plaintiffs do not dispute that their expert's reports is the first time Plaintiffs ever disclosed that they were only able to allegedly ▮▮▮▮▮ These theories of infringement were never disclosed, and Padagis had no reason to know that Plaintiffs intended to take such an extreme understanding of the claims that deviates from an artisan's understanding of the claims' plain language. Second, Plaintiffs seem to argue that it is too late to raise claim construction. But the cases Plaintiffs cite, *Bettcher* and *MercAsia*, deal with very different situations. *Bettcher* involved a jury trial and a "proposed construction [that] would have changed nothing" (*Bettcher* at 641) and *MercAsia* involved new contentions proposed after "five years" (*MercAsia* at *9). In contrast, Padagis raised its dispute before even filing its responsive expert report, and the construction has the potential to substantially streamline the litigation. Finally, Plaintiffs briefly suggest supplemental claim construction might lead to unspecified "prejudice", and would require delay and a change to the schedule so Plaintiffs could take more fact and expert discovery. Plaintiffs had every incentive and opportunity to obtain discovery demonstrating the presence of ▮▮▮▮▮ in the Padagis product, and the result was ▮▮▮▮▮ More discovery or

expert opinion cannot change that deficiency, and the idea that a claim construction might finally motivate Plaintiffs to find the required first polyol in Padagis's product makes no sense.  Far from delaying the schedule, supplemental claim construction could help resolve or narrow the parties' dispute regarding infringement.

Padagis therefore respectfully requests that the Court order supplemental claim construction briefing on the schedule proposed in Padagis's initial letter (D.I. 217); i.e.,

| Simultaneous opening briefs (7 page limit) | May 15, 2024 |
| --- | --- |
| Simultaneous responsive briefs (4 page limit) | May 29, 2024 |
| Hearing | June 2024 (at the Court's convenience) |

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc:     All Counsel of Record (via CM/ECF & email)