IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCON INC., ALCON VISION, LLC, and ALCON LABORATORIES, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> PADAGIS ISRAEL PHARMACEUTICALS LTD., PADAGIS US LLC, and PADAGIS LLC, <br><br> *Defendant*. | § § § § § § § § § § § § § § | Civil Action No. 22-1422-WCB <br><br> **REDACTED - PUBIC VERSION** |

## ORDER

This action was brought by plaintiffs Alcon Inc., Alcon Vision, LLC, and Alcon Laboratories, Inc. (collectively, "Alcon") against defendants Padagis Israel Pharmaceuticals Ltd., Padagis US LLC, and Padagis LLC (collectively, "Padagis").

In light of this court's claim construction orders, the parties have stipulated to the entry of judgment of non-infringement as to claims ▇ and ▇ of Alcon's U.S. Patent No. 9,421,265 ("the '265 patent"), with the understanding that Alcon will preserve its right to appeal from that judgment to challenge the court's claim constructions pertinent to those claims.

Although the stipulation does not say so expressly, the court understands that Alcon does not intend to take an immediate appeal with respect to those claims, which it could not do in any event absent either a Rule 54(b) certification or leave of court from both this court and the court of appeals under 28 U.S.C. §1292(b). The court also understands that Padagis is not withdrawing its counterclaim that all of the asserted claims of the '265 patent are invalid and that in light of Alcon's reservation of its right to appeal from the judgment of non-infringement as to those claims, Alcon will not argue that the court lacks jurisdiction to adjudicate Padagis's invalidity

counterclaim as to those claims. In order to ensure that there is no unintended jurisdictional bar to the court's adjudication of Padagis's counterclaim of invalidity as applied to those claims, the court will enter the judgment of non-infringement with respect to those claims at the time a final judgment in this case is entered.

With those understandings, the court will approve the stipulation and, at the appropriate time, enter a judgment of non-infringement on claims ■ and ■ of the '265 patent.

In view of the simplification of the case, the parties' respective times for presenting their cases at trial will be reduced from 16 hours each to 14 hours each.

IT IS SO ORDERED.

SIGNED this 11th day of July, 2024.

_William C. Bryson_
HON. WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE