IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCON INC., ALCON VISION, LLC, and ALCON LABORATORIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-1422-WCB |
| PADAGIS ISRAEL PHARMACEUTICALS LTD., PADAGIS US LLC, and PADAGIS LLC, | ) ) ) ) | **CONFIDENTIAL - FILED UNDER SEAL** |
| Defendants. | ) ) | |

## <u>JOINT FINAL PRETRIAL ORDER</u>

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Plaintiffs*

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS MCLAUGHLIN &
HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com
*Attorneys for Defendants*

Dated:  September 25, 2024

**TABLE OF CONTENTS**

I.      NATURE OF THE ACTION [L.R. 16.3(c)(1)]..................................................................3

II.     FEDERAL JURISDICTION [L.R. 16.3(c)(2)].................................................................4

III.    FACTS .................................................................................................................................5

      A.      Uncontested Facts [L.R. 16.3(c)(3)] ....................................................................5
      B.      Contested Facts [L.R. 16.3(c)(4)] ........................................................................5

IV.     ISSUES OF LAW [L.R. 16.3(c)(5)] ..................................................................................5

V.      EXHIBITS [L.R. 16.3(c)(6)]...............................................................................................5

      A.      Exhibits .....................................................................................................................5
      B.      Demonstrative Exhibits .........................................................................................11

VI.     Witnesses [L.R. 16.3(c)(7)].................................................................................................12

      A.      Identification of Witnesses ...................................................................................13
      B.      Testimony by Deposition.......................................................................................13

VII.    STATEMENTS OF INTENDED PROOFS [L.R. 16.3(c)(8)-(10)] .................................16

VIII.   AMENDMENTS TO THE PLEADINGS [L.R. 16(3)(c)(11)].........................................16

IX.     CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT [L.R. 16.3(c)(12)] ........................................................................................................................17

X.      Miscellaneous issues...........................................................................................................17

      A.      Motions in Limine .................................................................................................17
      B.      Damages .................................................................................................................17
      C.      Discovery................................................................................................................18
      D.      Type of Trial..........................................................................................................18
      E.      Length of Trial.......................................................................................................19
      F.      Order of Presentation of Evidence........................................................................19
      G.      Motions for Partial Judgment Under Federal Rule of Civil Procedure 52(c)........20
      H.      Sequestration of Witnesses ...................................................................................20
      I.      Set-up of Electronic and Computer Devices .........................................................20
      J.      Daily List of Admitted Exhibits ...........................................................................20
      K.      Trial Transcript Errata ..........................................................................................20
      L.      Post-Trial Briefing.................................................................................................21

XI.     Order to Control the Course of Action ...............................................................................21

1

This matter comes before the Court at a final pretrial conference to be held on September 30, 2024, at 2pm ET under Rule 16 of the Federal Rules of Civil Procedure.

Counsel for Plaintiffs Alcon Inc., Alcon Vision, LLC, and Alcon Laboratories, Inc. (collectively "Alcon") are:

Elizabeth J. Holland
Daniel P. Margolis
Mena Gaballah
Ryan Curiel
ALLEN OVERY
SHEARMAN STERLING
US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

William G. James
Michelle Bone
ALLEN OVERY
SHEARMAN STERLING
US LLP
1101 New York Avenue, NW
Washington, D.C.
(202) 683-3800

Katherine P. Kieckhafer
ALLEN OVERY
SHEARMAN STERLING
US LLP
One Beacon Street Boston,
MA 02108
(857) 353-4500

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Plaintiffs*

Counsel for Defendants Padagis Israel Pharmaceuticals Ltd., Padagis US LLC, and Padagis LLC's (collectively "Padagis") are:

2

William R. Zimmerman
Andrea Cheek
Aryeh Feinstein
Jonathan Bachand
KNOBBE, MARTENS, OLSON & BEAR,
LLP
1717 Pennsylvania Avenue, N.W.
Suite 900
Washington, DC 20006
(202) 640-6400

Carol Pitzel Cruz
KNOBBE, MARTENS, OLSON & BEAR,
LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
(206) 405-2000

Jared C. Bunker
Jeremiah S. Helm
KNOBBE, MARTENS, OLSON & BEAR,
LLP
240 Maine St., 14th Floor
Irvine, CA 92614
(979) 760-0404

John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

Pursuant to D. Del. L.R. 16.3, Alcon and Padagis, by their undersigned counsel, hereby submit this proposed Joint Pretrial Order governing the above-caption bench trial commencing on Monday, October 21, 2024.

## I.    NATURE OF THE ACTION [L.R. 16.3(c)(1)]

1.    This is a patent infringement action brought by Alcon against Padagis for infringement of claims 1-3 and 6-23 of U.S. Patent No. 9,044,484 ("the '484 Patent") and claims 1-3, 6-20 of U.S. Patent No. 9,421,265 ("the '265 Patent"), under 35 U.S.C. § 271(a) and/or (e)(2) and pursuant to the Hatch-Waxman Act codified at 21 U.S.C. § 355. *See* D.I. 1 [Complaint], D.I. 20 [Answer], D.I. 25 [Answer to Counterclaims].

2.    The '265 patent is referred to herein as the "patent-in-suit" and Claims 13-19 of the '265 patent are referred to herein as the "asserted claims."

3

3.      Defendants filed an Answer to Plaintiffs' Complaint on December 19, 2022 (D.I. 20), alleging, inter alia, that the claims of the '484 and '265 patents are invalid and not infringed. Defendants concurrently filed counterclaims seeking, inter alia, a declaration of noninfringement and invalidity of the claims of the '484 and '265 patents .

4.      The Court held a Markman Hearing on September 6, 2023, (D.I. 72) and found Claim 20 of the '265 patent indefinite (D.I. 78).

5.      In light of the Court's Claim Construction Order (D.I. 78), Alcon has stipulated that it will not pursue, present any evidence on, or assert infringement of claim 20 of the '265 patent unless the Court's invalidity determination is reversed, remanded, or otherwise altered on appeal.  D.I. 181 ¶ 10.  *See also* D.I. 182, 190, 191.

6.      In light of the Court's supplemental claim construction order (D.I. 152), the parties have stipulated to the entry of judgment of non-infringement as to claims 1–3 and 6–12 of the '265 Patent. (D.I. 181; D.I. 182; D.I. 190; D.I. 191).

7.      In light of the Court's summary judgment Memorandum and Opinion (D.I. 225), the Court granted Padagis's motion for summary judgment of no literal infringement and no infringement under the doctrine of equivalents of claims 1-3 and 6-23 of the '484 patent.  The Court also granted Padagis's motion for summary judgment of no literal infringement of claims 13-19 of the '265 patent.  Sept. 11, 2024 Order Granting Summary Judgment.

8.      The remaining asserted claims are claims 13-19 of the '265 patent.

## II.      FEDERAL JURISDICTION [L.R. 16.3(c)(2)]

9.      Jurisdiction over the parties' claims and counterclaims, which is not disputed, lies under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

### III.    FACTS

#### A.    Uncontested Facts [L.R. 16.3(c)(3)]

10.    The parties' statement of uncontested facts is set forth in **Exhibit 1**. These admitted facts require no proof at trial and will become part of the evidentiary record in this case. Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court, and will be charged for the time used to do so.

#### B.    Contested Facts [L.R. 16.3(c)(4)]

11.    Plaintiffs' statement of contested issues of fact is attached as **Exhibit 2**.

12.    Defendants' statement of contested issues of fact is attached as **Exhibit 3**.

### IV.    ISSUES OF LAW [L.R. 16.3(c)(5)]

13.    Plaintiffs' statement of issues of law that remain to be litigated is attached as **Exhibit 4**.

14.    Defendants' statement of issues of law that remain to be litigated attached as **Exhibit 5**.

### V.    EXHIBITS [L.R. 16.3(c)(6)]

#### A.    Exhibits

15.    **Exhibit 10** contains the parties' exhibit lists, which includes:

(a) the uncontested joint exhibits, identified by the prefix JTX;

(b) Plaintiffs' exhibits, identified by the prefix PTX; and

(c) Defendants' exhibits, identified by the prefix DTX.

16.    The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number

separated by a decimal. For example, page 62 of Joint Exhibit 5 would be endorsed or paginated as either: "JTX-0005.0062."

17.     The Exhibit list also includes all objections Plaintiffs or Defendants have to the exhibits.

18.     This Order contains the maximum universe of exhibits that may be used by a party at trial as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted unless good cause is shown.

19.     Absent an agreement of the parties or a directive from the Court adopting an alternative procedure, the following rules govern the admission of exhibits.

20.     Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.

21.     Exhibits to be used solely for impeachment and demonstrative exhibits need not be included on the trial exhibit lists.  Exhibits to be used solely for impeachment need not be disclosed in advance of being used at trial.

22.     Any exhibit identified on a party's exhibit list and not objected to is deemed to be admissible and may be entered into evidence by the party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

23.     The parties stipulate that the parties' ANDA and NDA submissions to the FDA, including but not limited to the documents identified by the Bates numbers PADBRI0000001-PADBRI0602294, PADBRI0602416-590, PADBRI0682537-PADBRI0683170,

PADBRI0684986-684990, and ALCON_SIMBRINZA_00003239-ALCON_SIMBRINZA_00028455, ALCON_SIMBRINZA_00221088, and ALCON_SIMBRINZA_00216540 are authentic and are records of regularly conducted activity (i.e., business records) pursuant to Fed. R. Evid. 803(6).

24.    The parties agree that there shall be no objections to the authenticity of exhibits produced by a party unless there is a genuine belief that the exhibit is fake or altered, or unless the objecting party has a substantial good faith belief that the document is not what the offering party claims it is.

25.    The parties agree that neither side shall require the other to lay a business record foundation for the introduction of a document authored by any party to this case and produced in discovery unless there is a good faith belief that the exhibit was not a document created and maintained in the ordinary course of business. Any dispute as to a document's status as a business record will be raised at the same time the objecting party serves objections to exhibits. For clarity, this provision does not obviate the need to otherwise lay the proper foundation for admissibility of a document or of testimony about that document (e.g., relevance or personal knowledge of the document for fact witness testimony).

26.    Absent an agreement by the parties or an Order of the Court, no exhibit will be admitted unless offered into evidence through a witness, testifying live or by deposition, who must at least be shown the exhibit or have summarized the exhibit(s) in a demonstrative exhibit. Prior to the completion of trial, any party that has used an exhibit with a witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence.

27.    A party will provide to the other side a list of exhibits to be used in connection with direct examination by 6:30 p.m. two (2) days[1] before their intended use, and objections will

---

[1] All references to "days" are to calendar days.

be provided by email no later than 9:00 p.m. the same night. The parties will meet and confer no later than 6:30p.m. the next day (i.e. one (1) day prior to the witness being called) to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention by 8 p.m. that day (i.e., the day prior to the witness being called to the witness stand). Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

28.    The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order.

29.    Exhibits identified on the joint exhibit list with the prefix JTX will be received into evidence without the need for additional foundation testimony once they are shown to a witness or summarized on a demonstrative. The parties agree that any description of a document on any exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

30.    The listing of a document on a party's list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

31.    The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit. To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.  More generally, legible copies of

8

documents may be offered and received in evidence to the same extent as an original. The parties may substitute pre-marked exhibits identified in Exhibit 10 with color copies and/or more legible versions provided that the content and text is identical to that which was previously identified in Exhibit 10 and previously exchanged among the parties in preparing this Joint Pretrial Order. A party substituting an exhibit must provide a copy to the opposing party no later than the time at which it identifies exhibits for its witnesses pursuant to paragraph 27. For particularly voluminous documents (e.g., patent application file histories, New Drug Applications, Abbreviated New Drug Applications, and Drug Master Files), the parties may use excerpts of documents identified on their exhibit lists, provided: (i) such excerpts are disclosed in accordance with the procedures set forth below, in this section; and (ii) the other party is permitted to add a reasonable number of pages to the intended excerpt necessary to provide adequate context for the intended excerpt or for purposes of completeness.

32.     On or before the first day that testimony is received, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

33.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with two copies of binders containing all exhibits and demonstrative exhibits that they intend to use with that witness on direct examination and will provide one copy to the Court. The parties agree that this provision does not require the advanced disclosure of exhibits and demonstratives to be used on cross-examination of any witness; however, the party conducting the cross-examination will provide the other party with two copies of all exhibits used with a witness on cross-examination and will provide one copy to the Court's law clerk.  If a party intends to use a witnesses' deposition transcript or video on cross-examination, that party must provide the witness a full copy of their deposition transcript.

34.     The Court has entered a Protective Order (D.I. 35) to safeguard the confidentiality

of certain of the parties' business and technical information, as well as that of third parties. Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party specifically requests, and the Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence (e.g., the proffer or publication of any portion of any confidential financial information, market share data from third parties, including IQVIA, Plaintiffs' NDA, or Defendant's ANDA, with the exception of the product labels).

### B.    Demonstrative Exhibits

35.    The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. Plaintiffs' demonstratives will be identified with PDX numbers. Defendant's demonstratives will be identified with DDX numbers.  The parties agree that to the extent a demonstrative exhibit refers to a trial exhibit, the demonstrative will identify the trial exhibit number of the exhibit referenced therein.

36.    A party will provide to the other side demonstrative exhibits to be used in connection with direct examination by 6:30 p.m. two (2) days before their intended use, and objections will be provided by email no later than 9:00 p.m. the same night. The parties will meet and confer no later than 6:30p.m. the next day (i.e. one (1) day prior to the witness being called) to resolve any objections. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention by 8 p.m. that day (i.e., the day prior to the witness being called to the witness stand). Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the objection to the exhibit.

37.    The requirements in the preceding two paragraphs do not apply to demonstratives created during testimony or demonstratives created for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of

exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

## VI.    WITNESSES [L.R. 16.3(c)(7)]

38.    Plaintiffs' list of the names of the fact and expert witnesses Plaintiffs presently intend to call at trial is attached as **Exhibit 6**.  Plaintiffs further identify any witness listed on Defendants' witness disclosure (**Exhibit 7**) and reserve the right to call any witness, whether or not identified, in rebuttal, for purposes of impeachment, or to authenticate document(s).

39.    Defendants' list of the names of the fact and expert witnesses Defendants presently intend to call live at trial is attached as **Exhibit 7**. Defendants further identify any witness listed on Plaintiffs' witness disclosure (**Exhibit 6**) and reserve the right to call any witness, whether or not identified, in rebuttal, for purposes of impeachment, or to authenticate document(s).

40.    Any witness not identified in this Order will be precluded from testifying, absent good cause shown. However, the listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition. In the absence of an alternative agreement between the parties, fact witnesses will be sequestered.

41.    Each side's list of deposition designations is incorporated by reference into its list of witnesses that it intends to call at trial, except that a party may not, absent good cause, call a witness for live testimony if that witness has been identified as providing deposition testimony only.

### A.    Identification of Witnesses

42.    The parties will exchange final witness lists specifying who will be called live and who will testify by deposition designation on October 7, 2024.

43.    The parties will identify by email to the opposing parties the witnesses they intend

11

to call live by 6:30 p.m. two (2) calendar days before such witness will be called to testify. For example, if the party expects to conduct the examination on Thursday, notice should be given to the opposing party by 6:30 p.m. on Tuesday. The other parties shall identify any objections to such witness(es) by 9:00 p.m. the same day, and the parties shall meet and confer to resolve any objections by 6:30 p.m. the following evening (i.e. one (1) day prior to the witness being called). If good faith efforts to resolve the objections are unsuccessful, the party objecting to the witness shall bring its objections to the Court's attention prior to the witness being called by 8 p.m. that day (i.e., the day prior to the witness being called to the witness stand).

**B. Testimony by Deposition**

44. A chart of Plaintiffs' deposition designations, Defendants' objections to Plaintiffs' deposition designations, Defendants' counter-designations, and Plaintiffs' objections to Defendants' counter-designations is provided in **Exhibit 8** hereto.

45. A chart of Defendants' deposition designations, Plaintiffs' objections to Defendants' deposition designations, Plaintiffs' counter-designations, and Defendants' objections to Plaintiffs' counter-designations is provided in **Exhibit 9** hereto.

46. Alcon and Padagis each reserve the right to offer any designated deposition testimony (whether as a designation or counter-designation) even if not separately listed on their own deposition designation list, subject to any evidentiary objections. To the extent an opposing party withdraws any affirmatively designated testimony or seeks to limit the manner of presentation of testimony through the designation process, a party may present its counter-designation testimony in response to other specified affirmative testimony by the opposing party, or re-designate its counter-designated testimony affirmatively. Similarly, a party may designate testimony identified as affirmative testimony in this order as a counter-designation.

47. Unless otherwise agreed between the parties, the party offering deposition

testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously-exchanged designations by 6:30 p.m. at least three calendar days prior to the testimony being offered into the record. A party may choose not to introduce deposition testimony designated in this Order, but may not designate additional deposition testimony after the filing of this Order, except as provided in this Order or, absent agreement of the parties, a showing of good cause. The party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:30 p.m. at least two calendar days prior to the testimony being offered into the record. Any objections to counter-designations shall be provided by 9:00 p.m. the same day. One day prior to the testimony being offered into the record, the parties shall meet-and-confer by 6:30p.m. to resolve any objections. If good faith efforts to resolve the objections are unsuccessful, the party objecting to the designations shall bring its objections to the Court's attention prior to offering the deposition testimony by 8 p.m. that day (i.e., the day prior to the deposition testimony being played).

48.     This Order and Exhibits 8 and 9 (the parties' deposition designations) contain the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony with the exception of any testimony used for impeachment or necessary for the purpose of addressing authentication or hearsay objection(s); however, testimony necessary for the purpose of addressing authentication or hearsay objection(s) must be disclosed pursuant to the conditions in this Order. If applicable, a party's designation of a page and line from a particular deposition transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets. None of the conditions of this Order shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

49.     If deposition testimony is to be presented by video for purposes other than impeachment, then the party playing the designated testimony shall also serve the other party

with electronic video clips of all testimony to be played (designations and counter-designations) by 9:00 p.m. the calendar day before the witness is to be called at trial.

50.     Designated deposition testimony will be offered to the Court as designated testimony that the parties play by video or read in Court and will count against that party's trial presentation time. Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designations. To the extent deposition designations are played or read in Court, each side will be charged the time taken to play or read its designations (or counter-designations), as measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony played or read. The parties will jointly provide the Court's law clerk with the total time to be charged to each side for the deposition designations prior to the time each is presented in Court.

51.     All irrelevant and redundant material, including colloquy between counsel and objections, or pauses between questions, will be eliminated when the deposition is read or viewed at trial.

52.     When deposition designation excerpts are introduced, all admissible deposition designation and counter-designation excerpts will be introduced in the sequence in which the testimony was originally given. The specific portions of the deposition shall be played in page order. If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence as long as it is included on the offering party's trial exhibit list, and is not otherwise objected to, or is included on the joint trial exhibit list.

53.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with one copy, opposing counsel with two copies, and the court reporter with one copy of the transcript of the designations and counter-designations that will be

14

read or played and a list of exhibits within the designations to be offered into evidence.

54.     The Court may allow objections to efforts to impeach a witness with prior testimony. The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

55.     No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment or as otherwise allowed by the Federal Rules of Civil Procedure.

## VII.    STATEMENTS OF INTENDED PROOFS [L.R. 16.3(c)(8)-(10)]

56.     Plaintiffs' statement of what Plaintiffs intend to prove at trial is attached as **Exhibit 11**.

57.     Defendants' statement of what Defendants intend to prove at trial is attached as **Exhibit 12**.

## VIII.    AMENDMENTS TO THE PLEADINGS [L.R. 16(3)(c)(11)]

58.     The parties do not intend to request amendments to their pleadings at the present time.

## IX.    CERTIFICATION OF GOOD FAITH EFFORTS AT SETTLEMENT [L.R. 16.3(c)(12)]

59.     The parties have made good faith efforts to settle the matter but were unable to reach a resolution.  The parties do not have difficulty communicating on this issue and should anything occur at trial that opens the door for any settlement, the parties will certainly explore such options.

## X.    MISCELLANEOUS ISSUES

### A.    Motions in Limine

60.    The parties do not have any motions in limine to submit to the Court.

**B.    Damages**

61.    The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.

62.    Alcon also reserves the right to seek damages if Padagis manufactures, uses, sells and/or offers to sell in the United States, and/or imports into the United States, the Padagis ANDA Product prior to the expiration date of any of the patent-in-suit.

63.    Padagis reserves the right to object to any relief sought by Alcon.

64.    Alcon requests the following relief from the Court:

a. An order that each of the asserted claims of the patent-in-suit are infringed (directly and/or indirectly) and not invalid;

b. An order that the effective date of any approval of Padagis's ANDA No. 212137 be not earlier than the expiration of the patent-in-suit or any later expiration of any patent term extension or exclusivity for those patents to which Alcon is or becomes entitled;

c. Injunctive relief, as appropriate, against any infringement of the patents-in-suit by Padagis, their officers, agents, attorneys, and employees, and those acting in privity or contract with them, precluding them from manufacturing, using, selling and/or offering to sell in the United States, and/or importing into the United States the Padagis ANDA Product;

d. A grant of such other and further relief as this Court may deem just and proper.

65.    Padagis requests the following relief from the Court:

a.    An order that all claims against Padagis be dismissed with prejudice and that all relief requested by Alcon be denied;

16

b.      An order that each of the asserted claims of the patent-in-suit are not infringed (directly and/or indirectly);

c.      An order that each of the asserted claims of the patent-in-suit are invalid;

d.      An order that Padagis has a lawful right to manufacture, import, use, sell, and/or offer to sell Padagis's ANDA Product in the United States once it is approved by the FDA;

e.      An order that Padagis is entitled to recover its reasonable attorneys' fees under 35 U.S.C. § 285 for litigating Alcon's infringement claims currently or previously asserted.

f.      A grant of such other and further relief as this Court may deem just and proper.

## C.      Discovery

66.    Each party has completed discovery.

## D.      Type of Trial

67.    This is a non-jury trial.

## E.      Length of Trial

68.    The trial will be timed, as each side will be allocated 12 hours within which to present their cases. Unless otherwise ordered or provided for herein, time will be charged to a party for direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, its argument on any motions for judgment as a matter of law, and all sides' argument on objections raised by that party.  If the trial must be adjourned early because a party is unprepared to call its next witness, that party will be charged for the lost time.

69.    The Court's law clerk will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court may terminate that party's trial presentation.

17

**F.      Order of Presentation of Evidence**

70.      The court will not hear opening statements at trial. Instead, each party may prepare a narrative statement no more than 20 pages in length, double-spaced, setting forth the party's legal contentions and a summary of the evidence the party expects to elicit from each witness. Opening statements will be due by email Saturday, October 19, 2024, at 3:00 p.m. Eastern Time.

71.      Unless the Court specifies otherwise, the order of presentation of evidence will generally follow the burden of proof, as stated below, except that there may be deviations to accommodate witness availability:

- Plaintiffs will present its case-in-chief on infringement.

- Defendants will present their rebuttal to infringement of the '265 patent; and their case-in-chief on invalidity;

- Plaintiffs will present their rebuttal to invalidity, including their objective evidence of nonobviousness;

- Defendants will present their response on objective evidence of nonobviousness asserted by Plaintiffs.

**G.      Motions for Partial Judgment Under Federal Rule of Civil Procedure 52(c)**

72.      The parties agree that motion(s) under Federal Rule of Civil Procedure 52(c) are preserved and may be presented at the close of evidence.

**H.      Sequestration of Witnesses**

73.      The Parties request that the Court prevent fact witnesses who have not yet testified from hearing the testimony of other witnesses. This exclusion rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) not be excluded for either

fact or expert testimony.

### I. Set-up of Electronic and Computer Devices

74.     The parties request that the Court grant access to the Courtroom on Friday, October 18, 2024, the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.  To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

### J. Daily List of Admitted Exhibits

75.     The parties will confer each day to discuss the list of admitted exhibits used during the trial day. The parties will jointly coordinate with Court staff to ensure the Court and all parties have an accurate list of admitted exhibits, and in the event of a dispute, timely raise any issues in the morning.

### K. Trial Transcript Errata

76.     The parties will meet and confer regarding an appropriate schedule for joint submission of corrections to the trial transcript.

### L. Post-Trial Briefing

77.     At the conclusion of the trial, the Court will set a schedule, following consultation with the parties, for the parties to submit proposed findings of fact and conclusions of law and for closing arguments following the submission of the proposed findings of fact and conclusions of law.

78.     Only admitted trial exhibits and demonstratives actually used in Court may be relied upon in post-trial briefing.

79.     No appendices shall be submitted with any post-trial briefs.

80.     Trial exhibits shall be referred to by exhibit number (PTX-, DTX-, or JTX-).

19

## XI.   ORDER TO CONTROL THE COURSE OF ACTION

81.   This Order shall control the subsequent course of the action, unless modified by the Court.

82.   Subject to the approval of the Court, the parties reserve the right to seek leave to supplement or amend this final pretrial order based on subsequent events or by agreement.

\* \* \* \* \*

The parties' Joint Proposed Final Pretrial Order was filed under seal, so this order is likewise filed under seal. Within three business days of the issuance of this order, the parties are directed to advise the court by letter whether they wish any portions of this order to remain under seal, and if so which portions. Any request that portions of the order remain under seal must be supported by a particularized showing of need to limit public access to those portions of the order.

SO ORDERED, this 3rd day of October 2024.

_____

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE