IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - -

ALCON INC., ALCON VISION,　）
LLC and ALCON　）
LABORATORIES, INC.,　）
　）
　　　Plaintiffs,　）
　）
　v.　）　Civil Action No.
　）　1:2022cv01422
PADAGIS ISRAEL　）
PHARMACEUTICALS LTD.,　）
PADAGIS US LLC and　）
PADAGIS LLC,　）
　）
　　　Defendants.　）

- - -

Wilmington, Delaware
Wednesday, December 7, 2022
Scheduling Conference

- - -

BEFORE:  HONORABLE WILLIAM C. BRYSON

- - -

APPEARANCES:

　　SHAW KELLER
　　BY:  JOHN W. SHAW, ESQ.

　　　　and

　　ALLEN & OVERY
　　BY:  WILLIAM G. JAMES, ESQ.
　　　　(Washington, D.C.)

APPEARANCES:   (Continued)

and

ALLEN & OVERY

BY:  DANIEL P. MARGOLIS, ESQ.

(New York City, New York)

Counsel for Plaintiffs

PHILLIPS, McLAUGHLIN & HALL

BY:  JOHN C. PHILLIPS, ESQ.

and

KNOBBE MARTENS

BY:  CAROL PITZEL CRUZ, ESQ.

(Seattle, Washington)

and

KNOBBE MARTENS

BY:  ANDREW E. MORRELL, ESQ.

(Washington, D.C.)

Counsel for Defendants

THE COURT: Okay. This is Judge Bryson. Moving on to the Alcon case, which is Alcon Inc. vs. Padagis Israel, number 22-1422.

Do we have a court reporter?

THE COURT REPORTER: We do, Your Honor. It's Carrie Gold from Veritext.

THE COURT: Yeah. Could you spell your last name, please.

THE COURT REPORTER: Gold, G-O-L-D.

THE COURT: Actually, spell both names because Carrie can be spelled in different ways.

THE COURT REPORTER: Right. Carrie, C-A-R-R-I-E, Gold, G-O-L-D.

THE COURT: I'm sorry you broke up in the middle of that. What was the last name again?

THE COURT REPORTER: Gold, G-O-L-D.

THE COURT: Okay. All right. Who do we have for the plaintiff, or plaintiffs, I guess it is?

MR. JAMES: Hello, Your Honor. This is Bill James from Allen & Overy on behalf of Alcon.

THE COURT: Okay.

MR. JAMES: And I have Dan Margolis on with me, also from Allen & Overy, and I believe that John Shaw should be on as well.

THE COURT:  All right.  How about for the defendants?

MR. PHILLIPS:  Good morning, Your Honor. Good afternoon, Your Honor.  This is Jack Phillips.  With me on the phone are Carol Pitzel Cruz and Andrew Morrell of the Knobbe Martens firm.

THE COURT:  All right.  Now, I've gone through your proposed order, and I have relatively few questions or issues.  I think we're pretty close to having a workable order here.

I guess one question is:  When does the 30-month stay end in this case?  Plaintiff?

MR. JAMES:  The 30-month stay ends in March of 2025.  I'll let Mr. Margolis give the exact date so I don't mess that up.

THE COURT:  Okay.  Go ahead.

MR. MARGOLIS:  Dan Margolis here. March 16, 2025.

THE COURT:  All right.  So let's see.  It looks like, right now, we're looking at a trial somewhere in the fall of 2024.  Do I understand that to be -- yeah. Uh-huh.  Okay.

MR. JAMES:  Yes, Your Honor.

THE COURT:  All right.  Now, given that

Page 5

this is an ANDA case, is there a significant infringement issue here?  I notice you added an infringement contentions provision, and I was curious as to whether there is something of substance on infringement or is that just the placeholder?

MR. JAMES:  Your Honor, this is Bill James again.  There is an allegation of noninfringement that's being made by the defendants.  So, you know, the seriousness of that or not, I can't really comment on at this time, but there will be an argument.

THE COURT:  Okay.  Defendants, do you want to comment on that?

MS. PITZEL CRUZ:  Yes, Your Honor.  This is Carol Pitzel Cruz, and we do believe there is a substantive noninfringement argument.

THE COURT:  All right.  Well, in that case, it makes sense to have infringement contentions now.  We've got, I guess, some leeway in time here so we don't have to compress the schedule as much as we might otherwise so I am willing to go with the dates that you have set out for the various events here running through -- well, I'm going down paragraph by paragraph, and I'm not seeing anything that gives me any heartburn throughout the whole set of dates for discovery and for

the claim construction.  That all looks reasonable to me.

Now, one thing I did notice was the claim construction briefing seems to be taking a long time. And what I'm thinking is, and I would like to keep -- well, it may just not be possible.  What I'm wondering is why we need to schedule the claim construction briefing to run in July, a whole month before the defendants' brief, and then another three weeks -- or, well, two weeks actually -- for the reply brief, and another two weeks for a surreply brief.  That seems like a lot of time.

How much of an issue do you anticipate claim construction as being in this case?  And so often, the parties set aside a huge amount of time for claim construction, and it turns out there are three terms that are in dispute.  Is this a case that will largely turn on claim construction?  Let me hear from each side on that.

MR. JAMES:  Your Honor, this is Bill James.  It's hard to know exactly how much there will be in dispute on claim construction, but I agree with Your Honor that it's generally very few terms that are actually at issue so I don't think we need an excessive amount of time or paper here for claim construction. This was the way that Your Honor's earlier orders had

been set up with these four briefs.

In other cases, I've had just two rounds of briefing. Once the parties kind of agreed on the terms, there was just simultaneous opening briefs, simultaneous responsive briefs that tend to shorten things. I'm happy to do that as well, but I don't think we're going to need to spend a lot of time and paper on claim construction. That's my feeling.

THE COURT: Let me hear from the other side.

MS. PITZEL CRUZ: Your Honor, this is Carol Pitzel Cruz again for defendants. We, you know, again, we are -- at this point, we're still figuring out all of those terms, but we do think there might be a few terms likely to need to have construction. We, of course, are amenable to shortening that time period for briefing or altering, you know, how many rounds of briefing if that's more convenient for the Court.

THE COURT: Well, the way I set it up, and I've basically copied from one of the other Delaware judge's scheduling orders, was to do this in four steps. Some of the judges do it in fewer steps, but I find that it's a little harder to follow when the parties are filing simultaneous briefs, and sometimes you don't get

Page 8

responses that are as fulsome as you would like.

One thing, though, in my original proposed template order, I cut the time down to a shorter period than you have provided for, and I would like to go back to that, which is 14 days after the plaintiffs' brief, the defendant will file.  Seven days later, the plaintiff can file, and seven days later, the defendant can file a surreply.  And I wouldn't anticipate that that would turn out to be terribly burdensome, particularly because, in many of these cases, the number of claim construction issues is not huge.

The meet and confer -- given I will make the adjustments as to those dates -- the meet and confer, then, I will adjust accordingly, roughly a week after the final surreply.

As far as a hearing, I will leave that on a TBD basis.  We may need a hearing; we may not, but I don't want to set a date for that yet because it may just not be necessary.

Now, case dispositive motions, some of the judges, as you know in ANDA cases in Delaware, do not allow case dispositive motions, summary judgment motions in particular.  I don't have that view.  I am of the view that if a party in good faith believes that it has a

reasonable chance of having the case resolved on summary judgment or having the case considerably simplified, then I would be amenable to a summary judgment motion.

But I am cognizant of the fact, as I think any district judge would be, that the standard of review for a decision made on summary judgment is very different from the standard of review following a trial. So the judge literally is taking a chance by granting summary judgment, when, as Judge Sweet used to say, if you wait and just have a trial, which involves very much the same information that would be presented in a summary judgment proceeding, and you decide it based on findings that you make, there's a much greater chance that you won't have to do it twice.

So with that in mind, I would invite you to consider seriously the possibility of just not filing summary judgment motions if you come to the point of deciding whether to file or not, rather than simply doing what so many parties do, is just file summary judgment motions because it's time to file motions.

I won't put on you the burden, as I have in other cases, but I won't do it in this case, to require you to file a request for permission to file a summary judgment. I will leave the decision of whether

Page 10

to file to your good judgment, but I would urge you to exercise some judgment in that regard.  And keep in mind that I am sensitive to the difference in the standard of review that applies to the two ways of resolving the case.

Let's see.  The next issue was on the pretrial conference.  I'm going to leave that on a to be determined basis.  What I generally like to do with pretrial conferences is to hold them telephonically to save the parties' resources, and in the event that it seems necessary to hold a pretrial conference in person, I'll go ahead and do that.  I will try to schedule it 30 days before the trial.

With respect to the trial -- let's see. Hold on just a second.  Okay.  I am not crazy about a September trial.  That is a bad time for me so I'm interested in looking at the possibility of a trial that would occur, say, in August.  Let's see.

What does August 12th look like for the parties?  Plaintiff first.

MR. JAMES:  Your Honor, from the point of view of the plaintiffs, August 12, 2024, looks fine to us.

THE COURT:  Okay.  And how about from the

Page 11

defendants?

MS. PITZEL CRUZ:  Your Honor, this is Carol Pitzel Cruz again.  For defendants, that would also be workable.

THE COURT:  All right.  Why don't we at least tentatively -- hold on just a second.  Okay.  Yeah.  August would give me very little time, if there are case dispositive motions, very little time to decide them.  And from your perspective, that's a bad thing because you don't want to be preparing for trial and find out that, two days before trial, that I am granting summary judgment, and you've wasted a lot of time and your clients' time and money.  So I'm thinking that maybe August is a little too early.  Again, September is just not good for me.

What does October 14th look like for the parties?

MR. JAMES:  Your Honor, this is Bill James again.  I think October 14, 2024, looks fine.

THE COURT:  Okay.  How about for the defendants?

MS. PITZEL CRUZ:  I think --

THE COURT:  Wait.  I was just told by my law clerk that that's Columbus Day so we'd better move

Page 12

it.  There's so many holidays these days, it's getting like Spain.  So the 21st?

MR. JAMES:  I think that that would work for the plaintiffs, Your Honor.

THE COURT:  All right.  And how about for the defendants?

MS. PITZEL CRUZ:  I believe that will also work for the defendants.

THE COURT:  All right.  Now, the only remaining issue is the parties have asked for 20 hours.  All right.  Is that the request?  20?  I think it was.  Yeah.  I don't think that's realistic.

I have tried ANDA cases and managed to squeeze in 15 or 16 hours, but any more than that, and I think what you're looking at is brutally long court days.  That would be 40 hours total of proceedings, testimony in five days.  And getting eight hours of testimony in in a day is -- I think the only way to do that would be to sit into the evening.  And I think, given the requirements of preparation that are imposed on you more than on me, that just wouldn't work.  So I would propose 16 hours a side.

And let me advise you, then, of why that is actually more time than you might think, because in ANDA cases, I invite the parties to submit their opening

statement in writing in advance of trial and their closing statement in writing along with their proposed findings of fact and conclusions of law.  So I think you're looking at 16 hours of actual testimony each.  So 20, I don't think will work.  16, I think we can fit in without having you sitting there until 7:00 at night.  Okay.

Now, I will prepare a scheduling order along the lines of what I've described, and I would like whoever it was that prepared the joint proposed scheduling order to send my law clerk, you have his email address in the order, but send him promptly a copy in Word of the proposed scheduling order so that he can convert it easily into a final version.

Now, any other questions?

MR. JAMES:  Nothing from the plaintiff, Your Honor.

THE COURT:  Okay.  From the defendant?

MS. PITZEL CRUZ:  Nothing from defendants either, Your Honor.  Thank you.

THE COURT:  Okay.  Thank you.  And I thank the court reporter, and we are adjourned.

If the court reporter needs any help with names or anything else, I'll stay on the line and be

Page 14

available to pitch in.  If not, then we'll be adjourned.

Thank you.

ALL COUNSEL:  Thank you, Your Honor.

(The scheduling conference concluded at

12:20 p.m.)

C E R T I F I C A T E

I do hereby certify that I am a Notary Public in good standing, that the aforesaid teleconference was taken before me, pursuant to notice, at the time and place indicated; that the statements of participants were correctly recorded in machine shorthand by me and thereafter transcribed under my supervision with computer-aided transcription; that the transcript is a true record of the statements given by the participants; and that I am neither of counsel nor kin to any party in said action, nor interested in the outcome thereof.

WITNESS my hand and official seal this 12th day of December A.D. 2022.

_____

Notary Public

**[& - convert]**                                                         Page 1

**&**

**&**  1:22 2:3,6 3:20,23

**1**

**11850**  15:16
**12**  10:22
**12:20**  14:5
**12th**  10:19 15:14
**14**  8:5 11:19
**14th**  11:16
**15**  12:14
**16**  4:18 12:14,21 13:4,5
**1:2022cv01422**  1:8

**2**

**20**  12:10,11 13:5
**2022**  1:14 15:15
**2024**  4:21 10:22 11:19
**2025**  4:14,18
**21st**  12:2
**22-1422**  3:3

**3**

**30**  4:12,13 10:13

**4**

**40**  12:16

**7**

**7**  1:14
**7:00**  13:6

**a**

**a.d.**  15:15
**action**  1:7 15:12
**actual**  13:4

**added**  5:2
**address**  13:12
**adjourned**  13:22 14:1
**adjust**  8:14
**adjustments**  8:13
**advance**  13:1
**advise**  12:22
**aforesaid**  15:4
**afternoon**  4:4
**agree**  6:20
**agreed**  7:3
**ahead**  4:16 10:12
**aided**  15:9
**alcon**  1:4,4,5 3:2 3:2,20
**allegation**  5:7
**allen**  1:22 2:3 3:20,23
**allow**  8:22
**altering**  7:17
**amenable**  7:16 9:3
**amount**  6:14,23
**anda**  5:1 8:21 12:13,24
**andrew**  2:12 4:5
**anticipate**  6:12 8:8
**appearances**  1:19 2:1
**applies**  10:4
**argument**  5:10 5:15
**aside**  6:14

**asked**  12:10
**august**  10:18,19 10:22 11:7,14
**available**  14:1

**b**

**back**  8:4
**bad**  10:16 11:9
**based**  9:12
**basically**  7:20
**basis**  8:17 10:8
**behalf**  3:20
**believe**  3:23 5:14 12:7
**believes**  8:24
**better**  11:24
**bill**  3:20 5:6 6:18 11:18
**brief**  6:8,9,10 8:5
**briefing**  6:3,6 7:3,17,18
**briefs**  7:1,4,5,24
**broke**  3:14
**brutally**  12:15
**bryson**  1:17 3:1
**burden**  9:21
**burdensome**  8:9

**c**

**c**  1:17 2:7 3:13 15:1,1
**carol**  2:9 4:5 5:14 7:12 11:3
**carrie**  3:6,11,12
**case**  3:2 4:12 5:1 5:17 6:13,16 8:20,22 9:1,2,22 10:5 11:7

**cases**  7:2 8:10,21 9:22 12:13,24
**certify**  15:3
**chance**  9:1,8,13
**city**  2:4
**civil**  1:7
**claim**  6:1,2,6,13 6:14,17,20,23 7:8 8:10
**clerk**  11:24 13:11
**clients**  11:13
**close**  4:9
**closing**  13:2
**cognizant**  9:4
**columbus**  11:24
**come**  9:17
**comment**  5:9,12
**compress**  5:19
**computer**  15:9
**concluded**  14:4
**conclusions**  13:3
**confer**  8:12,13
**conference**  1:15 10:7,11 14:4
**conferences**  10:9
**consider**  9:16
**considerably**  9:2
**construction**  6:1 6:3,6,13,15,17 6:20,23 7:8,15 8:10
**contentions**  5:3 5:17
**continued**  2:1
**convenient**  7:18
**convert**  13:14

**[copied - honor]**                                                              Page 2

copied  7:20
copy  13:12
correctly  15:7
counsel  2:5,14
  14:3 15:11
course  7:16
court  1:1 3:1,4,5
  3:7,9,10,12,14
  3:16,17,21 4:1,7
  4:16,19,24 5:11
  5:16 7:9,18,19
  10:24 11:5,20,23
  12:5,9,15 13:18
  13:21,22,23
crazy  10:15
cruz  2:9 4:5 5:13
  5:14 7:11,12
  11:2,3,22 12:7
  13:19
curious  5:3
cut  8:3

**d**

d  3:9,13,16
d.c.  1:23 2:13
dan  3:22 4:17
daniel  2:3
date  4:14 8:18
dates  5:20,24
  8:13
day  11:24 12:18
  15:14
days  8:5,6,7
  10:13 11:11
  12:1,15,17
december  1:14
  15:15

decide  9:12 11:8
deciding  9:18
decision  9:6,24
defendant  8:6,7
  13:18
defendants  1:11
  2:14 4:2 5:8,11
  6:7 7:12 11:1,3
  11:21 12:6,8
  13:19
delaware  1:2,14
  7:20 8:21
described  13:9
determined  10:8
difference  10:3
different  3:11
  9:6
discovery  5:24
dispositive  8:20
  8:22 11:8
dispute  6:16,20
district  1:1,2 9:5
doing  9:18

**e**

e  2:12 3:13 15:1
  15:1
earlier  6:24
early  11:14
easily  13:14
eight  12:17
either  13:20
email  13:11
ends  4:13
esq  1:20,23 2:3,7
  2:9,12
evening  12:19

event  10:10
events  5:21
exact  4:14
exactly  6:19
excessive  6:22
exercise  10:2

**f**

f  15:1
fact  9:4 13:3
faith  8:24
fall  4:21
far  8:16
feeling  7:8
fewer  7:22
figuring  7:13
file  8:6,7,7 9:18
  9:19,20,23,23
  10:1
filing  7:24 9:16
final  8:15 13:14
find  7:22 11:10
findings  9:12
  13:3
fine  10:22 11:19
firm  4:6
first  10:20
fit  13:5
five  12:17
follow  7:23
following  9:7
four  7:1,21
fulsome  8:1

**g**

g  1:23 3:9,13,16
generally  6:21
  10:8

getting  12:1,17
give  4:14 11:7
given  4:24 8:12
  12:19 15:10
gives  5:23
go  4:16 5:20 8:4
  10:12
going  5:22 7:7
  10:7
gold  3:6,9,13,16
good  4:3,4 8:24
  10:1 11:15 15:4
granting  9:8
  11:11
greater  9:13
guess  3:18 4:11
  5:18

**h**

hall  2:6
hand  15:14
happy  7:6
hard  6:19
harder  7:23
hear  6:17 7:9
hearing  8:16,17
heartburn  5:23
hello  3:19
help  13:23
hold  10:9,11,15
  11:6
holidays  12:1
honor  3:5,19 4:3
  4:4,23 5:6,13
  6:18,21 7:11
  10:21 11:2,18
  12:4 13:17,20
  14:3

**[honor's - particular]**                                                        Page 3

| | | | |
|---|---|---|---|
| honor's 6:24 | 11:12 | **m** | noninfringement |
| honorable 1:17 | july 6:7 | machine 15:7 | 5:7,15 |
| hours 12:10,14 | **k** | managed 12:13 | notary 15:3,17 |
| 12:16,17,21 13:4 | keep 6:4 10:2 | march 4:14,18 | notice 5:2 6:2 |
| huge 6:14 8:11 | keller 1:20 | margolis 2:3 | 15:5 |
| huh 4:22 | kin 15:11 | 3:22 4:14,17,17 | number 3:3 8:10 |
| **i** | kind 7:3 | martens 2:9,12 | **o** |
| imposed 12:20 | knobbe 2:9,12 | 4:6 | o 3:9,13,16 |
| indicated 15:6 | 4:6 | mclaughlin 2:6 | occur 10:18 |
| information | know 5:8 6:19 | meet 8:12,13 | october 11:16,19 |
| 9:11 | 7:12,17 8:21 | mess 4:15 | official 15:14 |
| infringement 5:1 | **l** | middle 3:15 | okay 3:1,17,21 |
| 5:2,4,17 | l 3:9,13,16 | mind 9:15 10:2 | 4:16,22 5:11 |
| interested 10:17 | laboratories 1:5 | money 11:13 | 10:15,24 11:6,20 |
| 15:12 | largely 6:16 | month 4:12,13 | 13:7,18,21 |
| invite 9:15 12:24 | law 11:24 13:3 | 6:7 | once 7:3 |
| involves 9:10 | 13:11 | morning 4:3 | opening 7:4 |
| israel 1:8 3:3 | leave 8:16 9:24 | morrell 2:12 4:5 | 12:24 |
| issue 5:2 6:12,22 | 10:7 | motion 9:3 | order 4:8,10 8:3 |
| 10:6 12:10 | leeway 5:18 | motions 8:20,22 | 13:8,11,12,13 |
| issues 4:9 8:11 | line 13:24 | 8:22 9:17,20,20 | orders 6:24 7:21 |
| **j** | lines 13:9 | 11:8 | original 8:2 |
| jack 4:4 | literally 9:8 | move 11:24 | outcome 15:12 |
| james 1:23 3:19 | little 7:23 11:7,8 | moving 3:2 | overy 1:22 2:3 |
| 3:20,22 4:13,23 | 11:14 | **n** | 3:20,23 |
| 5:6,6 6:18,19 | llc 1:5,9,10 | name 3:8,15 | **p** |
| 10:21 11:18,18 | long 6:3 12:15 | names 3:10 | p 2:3 |
| 12:3 13:16 | look 10:19 11:16 | 13:24 | p.m. 14:5 |
| john 1:20 2:7 | looking 4:20 | necessary 8:19 | padagis 1:8,9,10 |
| 3:23 | 10:17 12:15 | 10:11 | 3:3 |
| joint 13:10 | 13:4 | need 6:6,22 7:7 | paper 6:23 7:7 |
| judge 3:1 9:5,8,9 | looks 4:20 6:1 | 7:15 8:17 | paragraph 5:22 |
| judge's 7:21 | 10:22 11:19 | needs 13:23 | 5:22 |
| judges 7:22 8:21 | lot 6:10 7:7 | neither 15:11 | participants |
| judgment 8:22 | 11:12 | new 2:4,4 | 15:6,10 |
| 9:2,3,6,9,11,17 | | night 13:6 | particular 8:23 |
| 9:19,24 10:1,2 | | | |

**[particularly - statements]**                                            Page 4

| | | | |
|---|---|---|---|
| **particularly** 8:9 | **prepared** 13:10 | **request** 9:23 | **sense** 5:17 |
| **parties** 6:14 7:3 | **preparing** 11:10 | 12:11 | **sensitive** 10:3 |
| 7:23 9:19 10:10 | **presented** 9:11 | **require** 9:23 | **september** 10:16 |
| 10:20 11:17 | **pretrial** 10:7,9 | **requirements** | 11:14 |
| 12:10,24 | 10:11 | 12:19 | **seriously** 9:16 |
| **party** 8:24 15:11 | **pretty** 4:9 | **resolved** 9:1 | **seriousness** 5:9 |
| **period** 7:16 8:3 | **proceeding** 9:12 | **resolving** 10:4 | **set** 5:21,24 6:14 |
| **permission** 9:23 | **proceedings** | **resources** 10:10 | 7:1,19 8:18 |
| **person** 10:11 | 12:16 | **respect** 10:14 | **seven** 8:6,7 |
| **perspective** 11:9 | **promptly** 13:12 | **responses** 8:1 | **shaw** 1:20,20 |
| **pharmaceuticals** | **propose** 12:21 | **responsive** 7:5 | 3:24 |
| 1:9 | **proposed** 4:8 8:2 | **review** 9:5,7 | **shorten** 7:5 |
| **phillips** 2:6,7 4:3 | 13:2,10,13 | 10:4 | **shortening** 7:16 |
| 4:4 | **provided** 8:4 | **right** 3:12,17 4:1 | **shorter** 8:3 |
| **phone** 4:5 | **provision** 5:3 | 4:7,19,20,24 | **shorthand** 15:7 |
| **pitch** 14:1 | **public** 15:3,17 | 5:16 11:5 12:5,9 | **side** 6:17 7:10 |
| **pitzel** 2:9 4:5 | **pursuant** 15:5 | 12:11 | 12:21 |
| 5:13,14 7:11,12 | **put** 9:21 | **roughly** 8:14 | **signature** 15:16 |
| 11:2,3,22 12:7 | | **rounds** 7:2,17 | **significant** 5:1 |
| 13:19 | **q** | **run** 6:7 | **simplified** 9:2 |
| **place** 15:6 | **question** 4:11 | **running** 5:21 | **simply** 9:18 |
| **placeholder** 5:5 | **questions** 4:9 | | **simultaneous** |
| **plaintiff** 3:18 | 13:15 | **s** | 7:4,5,24 |
| 4:12 8:6 10:20 | | **save** 10:10 | **sit** 12:18 |
| 13:16 | **r** | **schedule** 5:19 | **sitting** 13:6 |
| **plaintiffs** 1:6 2:5 | **r** 3:13,13 15:1 | 6:6 10:12 | **sorry** 3:14 |
| 3:18 8:5 10:22 | **realistic** 12:12 | **scheduling** 1:15 | **spain** 12:2 |
| 12:4 | **really** 5:9 | 7:21 13:8,11,13 | **spell** 3:7,10 |
| **please** 3:8 | **reasonable** 6:1 | 14:4 | **spelled** 3:11 |
| **point** 7:13 9:17 | 9:1 | **seal** 15:14 | **spend** 7:7 |
| 10:21 | **record** 15:10 | **seattle** 2:10 | **squeeze** 12:14 |
| **possibility** 9:16 | **recorded** 15:7 | **second** 10:15 | **standard** 9:5,7 |
| 10:17 | **regard** 10:2 | 11:6 | 10:3 |
| **possible** 6:5 | **relatively** 4:8 | **see** 4:19 10:6,14 | **standing** 15:4 |
| **preparation** | **remaining** 12:10 | 10:18 | **statement** 13:1,2 |
| 12:20 | **reply** 6:9 | **seeing** 5:23 | **statements** 15:6 |
| **prepare** 13:8 | **reporter** 3:4,5,9 | **send** 13:11,12 | 15:10 |
| | 3:12,16 13:22,23 | | |

**[states - york]** Page 5

| | | | |
|---|---|---|---|
| **states** 1:1 | **think** 4:9 6:22 | **v** | **y** |

**states** 1:1
**stay** 4:12,13 13:24
**steps** 7:21,22
**submit** 12:24
**substance** 5:4
**substantive** 5:15
**summary** 8:22 9:1,3,6,8,11,17 9:19,24 11:11
**supervision** 15:8
**surreply** 6:10 8:8,15
**sweet** 9:9

**t**

**t** 15:1,1
**taken** 15:5
**tbd** 8:17
**teleconference** 15:4
**telephonically** 10:9
**template** 8:3
**tend** 7:5
**tentatively** 11:6
**terms** 6:15,21 7:4,14,15
**terribly** 8:9
**testimony** 12:16 12:17 13:4
**thank** 13:20,21 13:21 14:2,3
**thereof** 15:12
**thing** 6:2 8:2 11:9
**things** 7:6

**think** 4:9 6:22 7:6,14 9:4 11:19 11:22 12:3,11,12 12:15,18,19,23 13:3,5,5
**thinking** 6:4 11:13
**three** 6:8,15
**time** 5:10,18 6:3 6:11,14,23 7:7 7:16 8:3 9:20 10:16 11:7,8,12 11:13 12:23 15:5
**told** 11:23
**total** 12:16
**transcribed** 15:8
**transcript** 15:9
**transcription** 15:9
**trial** 4:20 9:7,10 10:13,14,16,17 11:10,11 13:1
**tried** 12:13
**true** 15:10
**try** 10:12
**turn** 6:16 8:8
**turns** 6:15
**twice** 9:14
**two** 6:8,9 7:2 10:4 11:11

**u**

**uh** 4:22
**understand** 4:21
**united** 1:1
**urge** 10:1

**v**

**v** 1:7
**various** 5:21
**veritext** 3:6
**version** 13:14
**view** 8:23,23 10:22
**vision** 1:4
**vs** 3:2

**w**

**w** 1:20
**wait** 9:9 11:23
**want** 5:11 8:18 11:10
**washington** 1:23 2:10,13
**wasted** 11:12
**way** 6:24 7:19 12:18
**ways** 3:11 10:4
**we've** 5:18
**wednesday** 1:14
**week** 8:14
**weeks** 6:8,9,10
**william** 1:17,23
**willing** 5:20
**wilmington** 1:14
**witness** 15:14
**wondering** 6:5
**word** 13:13
**work** 12:3,8,21 13:5
**workable** 4:10 11:4
**writing** 13:1,2

**y**

**yeah** 3:7 4:21 11:6 12:12
**york** 2:4,4